IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH BOLLINGER,<br>　　　Plaintiff<br><br>　　v.<br><br>EG AMERICA, LLC and<br>TURKEY HILL MINIT MARKETS, LLC,<br>　　　Defendants. | :<br>:<br>:　No.<br>:<br>:<br>:　JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

## COMPLAINT

COMES NOW the Plaintiff, Keith Bollinger, by and through his undersigned counsel, Hagelgans & Veronis, and complains of Defendants as follows:

**I.　JURISDICTION AND VENUE**

1.　Jurisdiction is conferred on this Court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and as to Plaintiff's state law claim under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA"), supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2.　Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in Lancaster County, Pennsylvania and Defendants' contacts to Lancaster County are sufficient to subject it to personal jurisdiction in the Eastern District.

3.　Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC.") This Charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC.")

4.　Plaintiff was issued his EEOC Right to Sue Letter on May 9, 2022, a copy of which is attached as Exhibit "A."

1

5. At all times relevant hereto, Defendants had fifteen (15) or more employees.

## II. PARTIES

6. Plaintiff Keith Bollinger is an adult male residing at 600 Pond Vista Lane, Apt. 0, Manheim, PA 17545.

7. Defendant EG America, LLC is a Massachusetts corporation with a registered address of 165 Flanders Road, Westborough, MA 01581.

8. Defendant Turkey Hill Minit Markets, LLC is a Massachusetts corporation with a registered address of 165 Flanders Road, Westborough, MA 01581.

9. At all times relevant hereto, Defendants were Plaintiff's employers.

10. Under the theory of *respondeat superior*, Defendants are liable to Plaintiff for the unlawful actions and inactions of their servants, agents and employees.

## III. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about October 20, 2014, Plaintiff began working for Defendants at its Turkey Hill 313-950313 location in Willow Pike, Pennsylvania, as its Store Manager.

12. Plaintiff is a gay man and is married to a man, facts which he kept very private and did not tell to any of his co-workers or any employee of Defendants.

13. Until November of 2020, Plaintiff did not even enroll his husband in any eligible employment benefits, including as a beneficiary on Plaintiff's life insurance policy, in order to keep his private life a private matter.

14. On October 29, 2020, per direct instruction of DM Dobert, Plaintiff terminated Defendants' employee Reynaldo Montanez for repeated and well-documented performance issues.

15. Mr. Montanez and his wife, Kelly Montanez, were both supervised by Plaintiff and employed by Defendants.

16. On or around November 25, 2020, Plaintiff added his spouse as a beneficiary to Plaintiff's life insurance policy through Defendants' online employee site.

17. On November 30, 2020, just five days later, then-former employee Reynaldo Montanez, together with his wife, Kelly Montanez, came into Plaintiff's store location and caused a huge scene, screaming at Plaintiff, other employees of Defendants, and customers of the store.

18. Mr. Montanez physically threatened Plaintiff and others, stating he would kill them.

19. Mr. Montanez also repeatedly screamed that Plaintiff was gay and that the male employees better "look out" because of Plaintiff's sexual orientation.

20. The police were called and Mr. Montanez was arrested for harassment due to his crazy outburst and threats of physical violence towards Plaintiff and others.

21. On January 8, 2021, a No Trespass Letter was issued to Mr. Montanez from Defendants' in-house counsel in direct response to Mr. Montanez's arrest and threats of violence.

22. Although Mrs. Montanez never had any complaints about Plaintiff, as her supervisor or generally, suddenly after the November 30, 2020 arrest of her husband for threatening to kill Plaintiff and others, Mrs. Montanez made numerous complaints about Plaintiff to Defendants.

23. Some of these alleged complaints were for issues that occurred years prior, which she had never previously reported, nor seemingly took any issues with until after her husband's arrest.

24. Mrs. Montanez gave Defendants select portions of printed text messages between her and Plaintiff, that were clearly out of context, edited, and, as to some, even fabricated.

25. Upon information and belief, Mr. and Mrs. Montanez orchestrated these false claims against Plaintiff in retaliation for Mr. Montanez's termination and arrest.

26. Mr. Montanez announcing to everyone at the store on November 30, 2020 that Plaintiff is gay and other men better "look out," was also done in retaliation to Plaintiff's termination of Mr. Montanez.

27. Mr. and Mrs. Montanez would not know Plaintiff is gay unless someone with access to Plaintiff's personnel records told them, or they somehow personally accessed Plaintiff's records.

28. On December 30, 2020, DM Dobert and Chelsea Cormier (HR) called Plaintiff into a meeting and summarily suspended Plaintiff based on Mrs. Montanez's allegations.

29. Plaintiff was told he could write a statement responding to Mrs. Montanez's allegations, which he did on January 3, 2021.

30. During this meeting, DM Dobert was very upset, crying during most of the time, and afterwards, she privately told Plaintiff she was sorry, but her hands were tied and she had no say in his termination.

31. DM Dobert also told Plaintiff he needs to do something about this, and talk to a lawyer, because his termination "wasn't right."

32. DM Dobert then called Plaintiff this same day and told him another Defendant district manager, Stacey Tshudy ("DM Tshudy") would call him shortly and he should carefully listen to what she says.

33. DM Tshudy did call Plaintiff later that day and told him Defendants had a problem with his sexuality and him "being gay," a statement she repeated several times during this call.

34. Plaintiff was shocked DM Tshudy knew he was gay, as he never told her nor any of Defendants' employees about his sexuality or marriage to a man.

4

35. Plaintiff provided an extremely detailed statement, with attachments, to Defendants on January 3, 2021, discrediting Mrs. Montanez's allegations as presented to him on December 30, 2020.

36. Defendants terminated Plaintiff on January 6, 2021, without explaining why Plaintiff's response was being completely disregarded.

37. The proffered reasons for Plaintiff's termination were due to falsifying payroll records (of Mrs. and Mr. Montanez), mocking a team member (Mr. Montanez) to another team member (Mrs. Montanez), and failing to report an alleged incident where a team member (Mr. Montanez) fell at work.

38. As Plaintiff discredited Mrs. Montanez's allegations in great detail, and pointed to the suspicious timing of her complaints, these allegations as justifying termination were pretextual for unlawful termination of Plaintiff based on his sex (sexual orientation).

39. Plaintiff's sex (sexual orientation) was at least a motivating factor in Defendants' termination of him.

40. As a direct result of Defendant's unlawful conduct, as set forth above, Plaintiff has suffered lost wages and employment benefits, including loss of promotion and associated increased pay, and has experienced extreme humiliation and violation of his privacy, including numerous co-workers contacting him to ask if he is gay even months after his termination, mental anguish, depression, anxiety and loss of enjoyment of life.

41. Plaintiff's damages exceed the threshold for arbitration in this Court.

### COUNT I: TITLE VII – DISCRIMINATION BASED ON SEX / SEXUAL ORIENTATION

42. Plaintiff incorporates by reference all preceding paragraphs as though the same were set forth more fully herein.

43. Plaintiff is a gay male and is married to a man and, therefore, a member of a protected class pursuant to Title VII.

44. At all times relevant hereto, Plaintiff satisfactorily performed all of his job duties.

45. Plaintiff was subjected to discrimination, as set forth at length above, culminating in termination., because of his sex (sexual orientation).

46. Similarly situated non-gay employees were not subjected to discrimination or termination.

47. The unlawful employment practices to which Plaintiff was subjected were intentionally performed and committed with malice or reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants as follows:

a. Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, front pay, interest and any and all other pecuniary damages for violation of his right and for the injuries he has suffered as a result of Defendants' conduct;

b. Award Plaintiff pre-judgment and post-judgment interest;

c. Award punitive damages for the extreme and outrageous conduct to which Defendants subjected Plaintiff;

d. Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

e. Award any such further relief as this Court may deem just, proper and equitable and as permitted under 42 U.S.C. §2000e *et seq.*

## COUNT II: PHRA – DISCRIMINATION
## BASED ON SEX / SEXUAL ORIENTATION

48. Plaintiff incorporates by reference all preceding paragraphs as though the same were set forth more fully herein.

49. Plaintiff is a gay male and is married to a man and, therefore, is a member of a protected class pursuant to the PHRA.

50. At all times relevant hereto, Plaintiff satisfactorily performed all of his job duties.

51. Plaintiff was subjected to discrimination, as set forth at length above, culminating in termination., because of his sex (sexual orientation).

52. Similarly situated non-gay employees were not subjected to discrimination or termination.

53. The unlawful employment practices to which Plaintiff was subjected were willfully committed.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants as follows:

a. Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, front pay, interest, and any and all other pecuniary damages for violation of his right and for the injuries he has suffered as a result of Defendants' conduct;

b. Award Plaintiff pre-judgment and post-judgment interest;

c. Award Plaintiff liquidated damages for the willful violation of Plaintiff's protected rights;

d. Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

e. Award any such further relief as this Court may deem just, proper and equitable and as permitted under 43 P.S. §951 *et seq.*

## IV. TRIAL BY JURY DEMANDED

54. Plaintiff hereby demands trial by jury.

                                        Respectfully Submitted,

                                        HAGELGANS & VERONIS

DATED: 8/5/22                         By: _____
                                        Lindsay J. O'Neil
                                        PA No. 313161
                                        223 North Duke Street
                                        Lancaster, PA 17602
                                        (717) 295-7009 (p)
                                        (717) 396-9746 (f)
                                        lindsay@hvlawfirm.com
                                        *Attorneys for Plaintiff*

# Exhibit "A"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/09/2022

**To:** Mr. Keith Bollinger
600 Pond Vista Lane, Apt. O
Manheim, PA 17545

Charge No: 530-2021-02656

EEOC Representative:          Legal Unit (267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2021-02656.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/09/2022
Karen McDonough
Enforcement Manager

**Cc:**
Michelle Hayes
EG AMERICA LLC
michellehayes@cumberlandfarms.com

Rachel Fendell Satinsky
rsatinsky@littler.com

Michelle Hayes
EG America LLC
michellehayes@cumberlandfarms.com

Lindsay J O'Neil
GIBBEL KRAYBILL & HESS LLP
lindsay@hvlawfirm.com


Please retain this notice for your records.